**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Arturo Rodriguez-Rios,<br><br>　　　　Petitioner,<br><br>v.<br><br>United States of America,<br><br>　　　　Respondent. | No. CV-16-04530-PHX-SRB (MHB)<br>CR- 08-01442-004-SRB<br>**ORDER** |

The Court now considers Petitioner Arturo Rodriguez-Rios ("Petitioner")'s Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 ("Amended Motion"). (Doc. 13, Am. Mot.) The matter was referred to Magistrate Judge Michelle H. Burns for a Report and Recommendation.

**I.　BACKGROUND**

The relevant background of this case was summarized in the Report and Recommendation and is incorporated herein:

> [Petitioner] was originally convicted after a trial of four felony counts: Count One, Conspiracy to Commit Hostage Taking; Count Two, Hostage Taking; Count Three Possession, Using and Brandishing a Firearm during and in Relation to a Crime of Violence; and Count Four, Harboring Illegal Aliens for Financial Gain. [Petitioner] was subsequently sentenced to 180 months' imprisonment on Counts One and Two; 120 months on Count Four, and 84 months on Count Three. Counts One, Two and Four were ordered to run concurrently, and Count Three was ordered to run consecutive to the other counts.

(Doc. 56, R. & R. at 2 (citations and footnote omitted).)

Petitioner appealed his conviction and sentence to the Ninth Circuit Court of Appeals.[1] (Am. Mot. ¶ 5; *see* 08-CR-01442-SRB, Doc. 192, Notice of Appeal.) On August 13, 2010, the Ninth Circuit affirmed both the conviction and sentence. (08-CR-01442-SRB, 08/13/10 Mem. Disp. at 4.) On October 24, 2011, Petitioner filed his first § 2255 Motion, wherein he raised four grounds for relief, including three claims concerning ineffective assistance of trial and appellate counsel, as well as a single claim for prosecutorial misconduct. (*See* 11-CV-02070-SRB, Doc. 1, § 2255 Mot.) On September 17, 2012, this Court denied that Motion; Petitioner did not seek appellate review. (Am. Mot. ¶ 6; *see* 11-CV-02070-SRB, Doc. 20, 09/17/12 Order.)

On May 16, 2016, Petitioner filed an application to file a second or successive § 2255 Motion based on the U.S. Supreme Court's decision in *Johnson v. United States*.[2] (Am. Mot. ¶ 7.) The Ninth Circuit approved Petitioner's application and transferred the case to this court. (Doc. 5, Order Transferring Application to D. Ariz.) On February 4, 2017, Petitioner filed his Amended Motion, in which he challenges "his conviction [under Count Three] for possession or use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)." (Am. Mot. ¶ 1.)

On March 7, 2017, this Court stayed the case pending decisions by the Ninth Circuit in *United States v. Begay*,[3] and the U.S. Supreme Court in *Lynch v. Dimaya*.[4] (Doc. 17, 03/07/17 Order.) On April 19, 2018, this Court lifted the stay. (Doc. 19, 04/19/18 Order.) On November 20, 2018, this Court again stayed the case pending the Ninth Circuit's decision in *Begay*. (Doc. 38, 11/20/18 Order.) On June 24, 2019, the U.S. Supreme Court issued its decision in *United States v. Davis*, holding that the residual clause in § 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. 2319, 2336 (2019). On August 19, 2019, the Ninth Circuit issued its decision in *Begay*, recognizing § 924(c)(3)(B) as

---

[1] Petitioner raised two issues on appeal, that: (1) the district court erred in denying his motion to substitute counsel; and (2) his sentence was substantively unreasonable. (Am. Mot. ¶ 5; *see* 08-CR-01442-SRB, Doc. 209-1, 08/13/10 Mem. Disp. at 2–4.)
[2] 135 S. Ct. 2551, 2563 (2015) (holding that residual clause of Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), defining term "violent felony," is unconstitutionally vague).
[3] 934 F.3d 1033 (9th Cir. 2019).
[4] *Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018) (holding that 18 U.S.C. § 16(b)—containing identical language to § 924(c)(3)(B)—is unconstitutionally vague).

unconstitutional. 934 F.3d at 1038.

On September 11, 2019, Respondent filed its Response to Petitioner's Amended Motion, requesting that this Court grant Petitioner's Amended Motion, vacate his conviction under § 924(c), and resentence him as to Counts One, Two, and Four.[5] (Doc. 50, Resp. to Am. Mot. ("Resp.") at 1.) On October 21, 2019, the Magistrate Judge filed her Report and Recommendation, recommending that the Court grant Petitioner's Amended Motion and vacate Petitioner's conviction and sentence as to Count Three. (R. & R. at 4.) The Report and Recommendation also recommended that the Court remand Counts One, Two, and Four for re-sentencing, and "only consider the fact of [Petitioner]'s possession of a firearm in recalculating [Petitioner]'s U.S.S.G. sentencing guideline range." (*Id.*) On November 4, 2019, Respondent filed its Objections. (Doc. 57, Obj. to R. & R. ("Obj.").)

## II. LEGAL STANDARDS

A federal prisoner may seek relief under 28 U.S.C. § 2255 if his sentence was "imposed in violation of the United States Constitution or the laws of the United States, . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). A court need review only those portions objected to by a party, meaning a court can adopt without further review all portions not objected to. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). For those portions of a Magistrate Judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See, e.g.*, *Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress . . . intended to require a district judge to review a magistrate's report to which no objections are filed.").

## III. DISCUSSION

### A. Petitioner's § 924(c) Conviction

---
[5] In light of *Davis*, the Court will lift the stay in this matter.

- 3 -

"In this case, [Petitioner]'s § 924(c) conviction was predicated on hostage taking in violation of 18 U.S.C. § 1203." (Resp. at 4.) Under § 1203, a person commits a hostage taking if he "seizes or detains and threatens to kill, to injure, or to continue to detain another person in order to compel a third person or a governmental organization to do or abstain from doing any act as an explicit or implicit condition for the release of the person detained." 18 U.S.C. § 1203(a). In light of *Davis*, Respondent submits that hostage taking can no longer be a crime of violence under the residual clause in § 924(c)(3)(B) because that clause is unconstitutionally vague. (Resp. at 4 (citing *Davis*, 139 S. Ct. at 2336).) Respondent is correct. And hostage taking does not qualify as a crime of violence under the elements clause in § 924(c)(3)(A) because the threat of continued detention "can be accomplished without the use, attempted use, or threatened use of violent physical force."[6] (Resp. at 4; *see* R. & R. at 2.) The Court therefore agrees that Petitioner's Amended Motion should be granted, that his conviction and sentence as to Count Three should be vacated, and that the remaining counts of conviction should be remanded for re-sentencing.[7] (R. & R. at 4.)

### B. Respondent's Objection

Respondent objects to a single phrase used in the Report and Recommendation: that on remand, with respect to re-sentencing for Counts One, Two, and Four, the Court "'only consider the fact of [Petitioner]'s possession of a firearm in recalculating [Petitioner]'s U.S.S.G. sentencing guideline range.'" (Obj. at 1 (quoting R. & R. at 4).) Respondent argues that although the Court should "consider the recalculation of [Petitioner]'s guidelines, it 'is a well-established principle that "a court's duty is always to sentence the

---

[6] § 924(c)(3)(A) defines the term crime of violence as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). In other words, a crime of violence under § 924(c) "requires the intentional use of force." *Begay*, 934 F.3d at 1040.

[7] Respondent states that the Court should resentence Petitioner on Counts One, Two, and Four because Petitioner's current sentencing package is based on the mandatory consecutive term for the § 924(c) conviction, and that sentencing package is now "unbundled" in light of *Davis* and *Begay*. (*See* Resp. at 4.) The Court agrees. When a defendant is sentenced on multiple counts and one of them is later vacated, the sentencing package becomes "unbundled," and the district court may fashion a new package reflecting its consideration of the appropriate punishment as to the remaining counts. *United States v. Ruiz-Alvarez*, 211 F.3d 1181, 1184 (9th Cir. 2000).

defendant as he stands before the court on the day of sentencing.'"'" (Obj. at 1 (quoting *United States v. Pete*, 819 F.3d 1121, 1130 (9th Cir. 2016) (citation omitted)).) Respondent continues, "to impose a sentence that is 'sufficient, but not greater than necessary,'" a court shall consider "'the nature and circumstances of the offense and the history and characteristics of the defendant.'"[8] (Obj. at 1 (quoting 18 U.S.C. § 3553(a)(1)).)

The Court does not interpret the Magistrate Judge's recommendation that the Court "only consider the fact of [Petitioner]'s possession of a firearm in recalculating [Petitioner]'s U.S.S.G. sentencing guideline range" as a recommendation to restrict consideration of the § 3553(a) factors for re-sentencing purposes. (R. & R. at 4.) Rather, the Court finds that this recommendation relates to the recalculation of the guideline range due to the application of the U.S.S.G. §2A4.1(b)(3) adjustment.

## IV. CONCLUSION

**IT IS ORDERED** lifting the stay in this matter.

**IT IS FURTHER ORDERED** overruling the Objections to the Magistrate Judge's Report and Recommendation (Doc. 57).

**IT IS FURTHER ORDERED** adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court (Doc. 56).

**IT IS FURTHER ORDERED** granting Petitioner's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 13).

**IT IS FURTHER ORDERED** vacating Petitioner's conviction and sentence as to Count Three.

. . .

. . .

. . .

. . .

---

[8] Respondent also cites 18 U.S.C. § 3661, which states that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661; (*see* Obj. at 2 (quoting *United States v. Streich*, 560 F.3d 926, 934 (9th Cir. 2009)).

**IT IS FURTHER ORDERED** setting re-sentencing for Counts One, Two, and Four.

Dated this 21st day of January, 2020.

_____
Susan R. Bolton
United States District Judge